IN THE UNITED STATES DISTRICT COURT IN AND
FOR THE DISTRICT OF DELAWARE

KENNETH WESTLEY,          )
                          )
              Plaintiff   )
         v.               )    C.A. No.
                          )
THE MODERN MATURITY CENTER, )
INC., a Delaware Corporation, )
                          )
              Defendant.  )

## NOTICE OF REMOVAL

Defendant, The Modern Maturity Center, Inc, by and through its undersigned counsel,

hereby gives notice that this matter has been removed  pursuant to 28 U.S.C. § 1441, to the

United States District Court for the District of Delaware.  The grounds for removal are as

follows:

1.     Plaintiff Kenneth Wesltey ("Plaintiff") commenced this action, entitled *Kenneth*

*Westley v. The Modern Maturity Center, Inc. a Delaware Corporation*  in the Superior Court of

the State of Delaware in and for Kent County.  On information and belief, the Complaint

("Complaint") was filed on or about March 14, 2008.

2.     Defendant first obtained a copy of Plaintiff's Complaint when it was served on

March 18, 2008.  A copy of the Complaint and Summons are attached as Exhibit 1.

3.     No further proceedings in this matter have been had in the Superior Court of the

State of Delaware in and for Kent County.

4.     This action includes a federal claim under the Fair Labor Standards Act, 29

U.S.C. § 201 et. seq., conferring original jurisdiction upon this court of any civil action arising

under the laws of the United States.

058437.1002

5.     Plaintiff alleges that he was denied one-and-a-half times his regular rate of compensation for hours worked beyond the maximum legal workweek of forty (40) hours.

6.     To the extent Plaintiff is asserting any claims under state law, this Court has supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367.

7.     This Notice of Removal is being filed within 30 days of the Defendant's receipt of the Complaint and is hereby timely filed under 28 U.S.C. § 1446(b).

8.     Defendant has filed a true and correct copy of the Notice of Removal with the Superior Court of the State of Delaware in and for Kent County.  A copy of the Notice is attached hereto as Exhibit 2.

WHEREFORE, Defendant respectfully requests that this action now pending against them in the Superior Court of the State of Delaware in and for Kent County, be removed therefrom to this Court and that this action be placed upon the docket of this Court for further proceedings, as though this action originally had been instituted in this Court.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Scott A. Holt, Esquire (No. 3399)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623
Facsimile: (302) 576-3299
Email:  sholt@ycst.com
Attorney for Defendants

Dated April 4, 2008

058437.1002

IN THE UNITED STATES DISTRICT COURT IN AND
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH WESTLEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | C.A. No. |
| | ) | |
| THE MODERN MATURITY CENTER, | ) | |
| INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

I, Scott A. Holt, Esquire hereby certify that on  April 4, 2008, I caused two paper copies

of the Notice of Removal and this Certificate of Service to be delivered via U.S. First Class Mail

to:

Walt F. Schmittinger, Esquire
Schmittinger & Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE  19903-0497

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Scott A. Holt, Esquire (No. 3399)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623
Facsimile: (302) 576-3299
Email:  sholt@ycst.com
Attorney for Defendants

Dated: April 4, 2008

# EXHIBIT 1

EFiled: Mar 7 2008 3:15PM EST
Transaction ID 18903530
Case No. 08C-03-010 RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

Kenneth Westley,                    C.A. No.:

    Plaintiff,

       v.                              **SUMMONS**

The Modern Maturity Center,
Inc., a Delaware corporation,

    Defendant.

The State of Delaware
To the Sheriff of Kent County
You are Commanded:

To Summon the above-named Defendant so that, within 20 days
after service hereof upon Defendant, exclusive of the day
of service, Defendant shall serve upon Walt F.
Schmittinger, Esquire, Plaintiff's attorney, whose address
is 414 South State Street, P.O. Box 497, Dover, Delaware
19903-0497, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.

_____
Prothonotary

_____
Deputy

Dated: _3-14-08_

To the Above Named Defendant:

In case of your failure, within the time directed above, to
serve upon Plaintiff's attorney named above an answer to
the Complaint, judgment by default will be rendered against
you for the relief demanded in the Complaint.

_____
Prothonotary

_____
Deputy

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | |
|---|---|
| Kenneth Westley,<br><br>    Plaintiff,<br><br>        v.<br><br>The Modern Maturity Center,<br>Inc., a Delaware corporation,<br><br>    Defendant. | C.A. No.:<br><br><br>**COMPLAINT** |

COMES NOW, the Plaintiff, Kenneth W. Westley, by and through his attorneys, Schmittinger and Rodriguez, P.A., and hereby files this Complaint and requests and represents the following:

## I.   Jurisdiction and Parties

1.    The Plaintiff, Kenneth W. Westley, is a resident of the State of Delaware, residing at 112 Juanita Drive, Magnolia, Delaware 19962.

2.    The Defendant, The Modern Maturity Center, Inc., is a Delaware corporation. Service may be obtained by serving the Defendant's Registered Agent: The Modern Maturity Center, Inc., 1121 Forrest Avenue, Dover, Delaware 19901.

II. **Facts**

3. Paragraphs 1 through 2 are realleged and incorporated hereafter by reference.

4. At all times relevant to this Complaint, the Plaintiff has been an employee of the Defendant, as the term is defined by the Fair Labor Standards Act, 29 U.S.C. § 203(e).

5. At all times relevant to this Complaint, the Defendant has been an employer of the Plaintiff, as the term is defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d).

6. The Plaintiff has been a member of the Defendant's full-time workforce in Dover, Delaware since approximately November of 1998, and remains an employee of Defendant at present.

7. The Plaintiff is employed by the Defendant in two capacities, as a food service provider and as a delivery driver, and has been so employed for the entire period during which Plaintiff has been a member of Defendant's full-time workforce.

8. The Plaintiff is or was a non-exempt employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

9.    The Plaintiff, as an employee of the Defendant, regularly worked in excess of forty (40) hours per week.

10.    The Defendant failed to compensate the Plaintiff at a rate of at least one-and-a-half times the Plaintiff's regular rate for hours worked beyond the maximum legal workweek of forty (40) hours.

### III. Cause of Action The Fair Labor Standards Act

11.    The Plaintiff restates, realleges, and incorporates by reference Paragraphs 1 through 10.

12.    Through the actions alleged above, the Defendant has failed and/or refused to compensate the Plaintiff for overtime wages due to the Plaintiff, in violation of Title 29, Section 207(a) of the United States Code.

13.    Through the actions alleged above, the Defendant has failed and/or refused to compensate the Plaintiff at a rate of at least one-and-a-half times the Plaintiff's regular rate for overtime hours, in violation of Title 29, Section 778.107 of the Code of Federal Regulations.

14.    As a result of the Defendant's unlawful conduct, the Plaintiff has suffered a loss of wages.

### Prayer for Relief

WHEREFORE, the Plaintiff, by and through his attorneys, Schmittinger and Rodriguez, P.A., pray that the Court grant the following relief:

1. Award the Plaintiff all wages and benefits Plaintiff has lost as a result of the Defendant's illegal conduct, including payment of interest on all wages and benefits due;

2. Grant the Plaintiff liquidated damages under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

3. Grant the Plaintiff his attorneys' fees, costs and pre-judgment interest.

4. Award to the Plaintiff such other legal or equitable relief as the Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
　　　Walt F. Schmittinger, Esquire
　　　414 South State Street
　　　P.O. Box 497
　　　Dover, Delaware 19901
　　　Attorneys for Plaintiff

DATED: March 6, 2008

# EXHIBIT 2

EFiled: Apr 4 2008 1:15PM EDT
Transaction ID 19273497
Case No. 08C-03-010 RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| KENNETH WESTLEY, | ) | C.A. No. 08c-03-010-RBY |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE MODERN MATURITY CENTER, | ) | |
| INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF REMOVAL

TO: PROTHONOTARY
Kent County Courthouse
The Green
Dover, DE 19901

PLEASE TAKE NOTICE that Defendant, The Modern Maturity Center, Inc., a Delaware

Corporation, has removed the captioned case to the United States District Court for the District

of Delaware. A copy of the Notice of Removal filed with the United States District Court on

April 4, 2008 is attached as Exhibit A. Service of this Notice effects removal; the federal statute

requires that the State Court proceed no further unless and until the case is remanded. 28 U.S.C.

§ 1446(d); Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1238 (4th Cir.

1994) ("Thus the clear language of the general removal statute provides that the state court loses

jurisdiction upon the filing of the petition of removal.").

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Scott A. Holt, Esquire (No. 3399)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6623
Facsimile: (302) 576-3299
Email: sholt@ycst.com
Attorney for Defendants

Dated: April 4, 2008

<u>CERTIFICATE OF SERVICE</u>

I, Scott A. Holt, Esquire, hereby certify that on April 4, 2008 I caused two paper copies

of the **Notice of Removal** and this certificate of service to be delivered via U.S. Mail to:

Walt F. Schmittinger, Esquire
Schmittinger & Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19903-0497

Scott A. Holt, Esquire (No. 3399)

EFiled: Apr 4 2008 1:15PM EDT
Transaction ID 19273497
Case No. 08C-03-010 RBY

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT IN AND
FOR THE DISTRICT OF DELAWARE

KENNETH WESTLEY,                    )
                                    )
                    Plaintiff       )
                                    )
        v.                          )    C.A. No.
                                    )
THE MODERN MATURITY CENTER,         )
INC., a Delaware Corporation,       )
                                    )
                    Defendant.      )

## NOTICE OF REMOVAL

Defendant, The Modern Maturity Center, Inc, by and through its undersigned counsel,

hereby gives notice that this matter has been removed pursuant to 28 U.S.C. § 1441, to the

United States District Court for the District of Delaware. The grounds for removal are as

follows:

1.    Plaintiff Kenneth Wesltey ("Plaintiff") commenced this action, entitled *Kenneth*

*Westley v. The Modern Maturity Center, Inc. a Delaware Corporation* in the Superior Court of

the State of Delaware in and for Kent County. On information and belief, the Complaint

("Complaint") was filed on or about March 14, 2008.

2.    Defendant first obtained a copy of Plaintiff's Complaint when it was served on

March 18, 2008. A copy of the Complaint and Summons are attached as Exhibit 1.

3.    No further proceedings in this matter have been had in the Superior Court of the

State of Delaware in and for Kent County.

4.    This action includes a federal claim under the Fair Labor Standards Act, 29

U.S.C. § 201 et. seq., conferring original jurisdiction upon this court of any civil action arising

under the laws of the United States.

5.    Plaintiff alleges that he was denied one-and-a-half times his regular rate of compensation for hours worked beyond the maximum legal workweek of forty (40) hours.

6.    To the extent Plaintiff is asserting any claims under state law, this Court has supplemental jurisdiction over said claims pursuant to 28 U.S.C. § 1367.

7.    This Notice of Removal is being filed within 30 days of the Defendant's receipt of the Complaint and is hereby timely filed under 28 U.S.C. § 1446(b).

8.    Defendant has filed a true and correct copy of the Notice of Removal with the Superior Court of the State of Delaware in and for Kent County. A copy of the Notice is attached hereto as Exhibit 2.

WHEREFORE, Defendant respectfully requests that this action now pending against them in the Superior Court of the State of Delaware in and for Kent County, be removed therefrom to this Court and that this action be placed upon the docket of this Court for further proceedings, as though this action originally had been instituted in this Court.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Scott A. Holt, Esquire (No. 3399)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone: (302) 571-6623
Facsimile: (302) 576-3299
Email:  sholt@ycst.com
Attorney for Defendants

Dated April 4, 2008

IN THE UNITED STATES DISTRICT COURT IN AND
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH WESTLEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | C.A. No. |
| | ) | |
| THE MODERN MATURITY CENTER, | ) | |
| INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I, Scott A. Holt, Esquire hereby certify that on April 4, 2008, I caused two paper copies

of the Notice of Removal and this Certificate of Service to be delivered via U.S. First Class Mail

to:

Walt F. Schmittinger, Esquire
Schmittinger & Rodriguez, P.A.
414 South State Street
P.O. Box 497
Dover, DE 19903-0497

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Scott A. Holt, Esquire (No. 3399)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6623
Facsimile: (302) 576-3299
Email: sholt@ycst.com
Attorney for Defendants

Dated: April 4, 2008

3/18/2008 23:03    3026741265    MODERN MATURITY CTR    PAGE 03/05

EFiled: Mar 7 2008 3:15P
Transaction ID 18903530
Case No. 08C-03-010 RBY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | |
|---|---|
| Kenneth Westley, | C.A. No.: |
| Plaintiff, | |
| v. | SUMMONS |
| The Modern Maturity Center, Inc., a Delaware corporation, | |
| Defendant. | |

The State of Delaware
To the Sheriff of Kent County
You are Commanded:

To Summon the above-named Defendant so that, within 20 days
after service hereof upon Defendant, exclusive of the day
of service, Defendant shall serve upon Walt F.
Schmittinger, Esquire, Plaintiff's attorney, whose address
is 414 South State Street, P.O. Box 497, Dover, Delaware
19903-0497, an answer to the Complaint.

To serve upon Defendant a copy hereof and of the Complaint.



Dated: 3-14-08

To the Above Named Defendant:

In case of your failure, within the time directed above, to
serve upon Plaintiff's attorney named above an answer to
the Complaint, judgment by default will be rendered against
you for the relief demanded in the Complaint.

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | |
|---|---|
| Kenneth Westley, | C.A. No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| The Modern Maturity Center,<br>Inc., a Delaware corporation, | |
| Defendant. | |

COMES NOW, the Plaintiff, Kenneth W. Westley, by and through his attorneys, Schmittinger and Rodriguez, P.A., and hereby files this Complaint and requests and represents the following:

### I.  Jurisdiction and Parties

1.  The Plaintiff, Kenneth W. Westley, is a resident of the State of Delaware, residing at 112 Juanita Drive, Magnolia, Delaware 19962.

2.  The Defendant, The Modern Maturity Center, Inc., is a Delaware corporation. Service may be obtained by serving the Defendant's Registered Agent: The Modern Maturity Center, Inc., 1121 Forrest Avenue, Dover, Delaware 19901.

## II. **Facts**

3.   Paragraphs 1 through 2 are realleged and incorporated hereafter by reference.

4.   At all times relevant to this Complaint, the Plaintiff has been an employee of the Defendant, as the term is defined by the Fair Labor Standards Act, 29 U.S.C. § 203(e).

5.   At all times relevant to this Complaint, the Defendant has been an employer of the Plaintiff, as the term is defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d).

6.   The Plaintiff has been a member of the Defendant's full-time workforce in Dover, Delaware since approximately November of 1998, and remains an employee of Defendant at present.

7. The Plaintiff is employed by the Defendant in two capacities, as a food service provider and as a delivery driver, and has been so employed for the entire period during which Plaintiff has been a member of Defendant's full-time workforce.

8.   The Plaintiff is or was a non-exempt employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

9.    The Plaintiff, as an employee of the Defendant, regularly worked in excess of forty (40) hours per week.

10.   The Defendant failed to compensate the Plaintiff at a rate of at least one-and-a-half times the Plaintiff's regular rate for hours worked beyond the maximum legal workweek of forty (40) hours.

### III. Cause of Action The Fair Labor Standards Act

11.   The Plaintiff restates, realleges, and incorporates by reference Paragraphs 1 through 10.

12.   Through the actions alleged above, the Defendant has failed and/or refused to compensate the Plaintiff for overtime wages due to the Plaintiff, in violation of Title 29, Section 207(a) of the United States Code.

13.   Through the actions alleged above, the Defendant has failed and/or refused to compensate the Plaintiff at a rate of at least one-and-a-half times the Plaintiff's regular rate for overtime hours, in violation of Title 29, Section 778.107 of the Code of Federal Regulations.

14.   As a result of the Defendant's unlawful conduct, the Plaintiff has suffered a loss of wages.

**Prayer for Relief**

WHEREFORE, the Plaintiff, by and through his attorneys, Schmittinger and Rodriguez, P.A., pray that the Court grant the following relief:

1.    Award the Plaintiff all wages and benefits Plaintiff has lost as a result of the Defendant's illegal conduct, including payment of interest on all wages and benefits due;

2.    Grant the Plaintiff liquidated damages under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

3.    Grant the Plaintiff his attorneys' fees, costs and pre-judgment interest.

4.    Award to the Plaintiff such other legal or equitable relief as the Court deems just.


SCHMITTINGER & RODRIGUEZ, P.A.

BY:_____
        Walt F. Schmittinger, Esquire
        414 South State Street
        P.O. Box 497
        Dover, Delaware  19901
        Attorneys for Plaintiff

DATED:  March 6, 2008

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kenneth Westley | The Modern Maturity Center, Inc. |

**(b)** County of Residence of First Listed Plaintiff   Kent
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Sussex   Kent
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Walt F. Schmittinger, Esq.
414 S. State St., P.O. Box 497, Dover,DE

Attorneys (If Known)
Scott A. Holt, Esq.
Young Conaway Stargatt & Taylor, LLP
P.O. Box 391, Wilmington, DE 19899-0391

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S.C. Section 201 et. seq.

Brief description of cause:
28 U.S.C. Section 1441

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE   DOCKET NUMBER

DATE
X-X-08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 8 - 1 9 0 _____

# ACKNOWLEDGMENT
## OF  RECEIPT  FOR AO FORM  85

### *NOTICE OF AVAILABILITY OF A*
### *UNITED STATES MAGISTRATE JUDGE*
### *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action